UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGION 3 and 9
Maggie H. McGee, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Email: maggie.mcgee@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 21-10174 (MBK) |
| | Chapter 11 |
| Eagle Roadways, Inc., | |
| | Honorable Michael B. Kaplan |
| Debtor. | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
THE DEBTOR'S APPLICATION FOR RETENTION OF PROFESSIONAL,
STEPHEN J. SICO AS ATTORNEY FOR THE DEBTOR IN POSSESSION AND
SHOAIB SULTAN, AS ACCOUNTANT AN TAX PREPARER**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee") by and through counsel, in furtherance of his duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), hereby files this objection ("Objection") to the *Application of Debtor to Employ Legal Counsel and Accounting Professional* ("Retention Application") (Docket No. 19), and respectfully states as follows:

**BACKGROUND**

1. On January 11, 2021, Eagle Roadways, Inc., (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  Buhupinder Singh is the sole shareholder of the Debtor. ECF No. 2.

2. Stephen J. Sico, of the law Offices of Stephen Sico & Associates ("Applicant") filed the petition on behalf of the Debtor. ECF No. 1.

1

3. On February 17, 2021, Debtor filed the Retention Application seeking to employ Applicant and Shoaib Sultan as accountant (the "Accountant").  ECF No. 19.

4. The Retention Application states that "Debtors rely upon...the supporting certification" in support of the Application.  However, no certification is attached to the Application.

5. The Debtor and Applicant attended a meeting of creditors on February 4, 2021.  At that time the Debtor and Applicant stated that Schedule E/F, G and H contained inaccurate information and needed to be amended.  Further, numerous questions on the Debtor's Statement of Financial Affairs were incorrect, including numbers 3 (payments to creditors), 4 (payments to insiders), 6 (set of or seizure of bank accounts), 26 (books and records), and 28 (officers and directors).  No amendments have been made.

## OBJECTION

6. Under 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 7 and 11 of title 11 of the United States Code (the "Bankruptcy Code").  This duty is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the Courts.  *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6t Cir. 1990) (describing the U.S. Trustee as a "watchdog"); H.R. REP. NO. 95-595 at 88 (1977), *reprinted in* 1977 U.S.C.C.A.N. 5787, 5963, 6049 ("Some of the supervisory functions removed from the judge will be transferred to a new system of United States Trustees who will act as bankruptcy watchdogs[.]").

### I.     Retention Application Does Not Comply with D.N.J. BLR 2014-1

7. The Retention Applications fails to comply with District of New Jersey Local Bankruptcy Rule 2014-1 (Employment of Professional Persons) as it was not filed using the Local Form.

### II.     Applicant May Not Be Competent to Represent The Debtor.

8. Pursuant to 11 U.S.C. § 327(a) "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

9. As explained by the Third Circuit, in discussing 11 U.S.C. §327(a), "the requirement of prior court approval of employment 'was designed to eliminate the abuses and detrimental practices that had been found to prevail,' such as 'cronyism,' and 'attorney control of bankruptcy cases.'" *In re First Merchants Acceptance Corporation,* 198 F.3d 394, 400 (3d Cir. 1999), citing *In Matter of Arkansas Co., Inc.,* 798 F.2d 645, 649 (3d Cir. 1996). The Third Circuit further explained that the "prior approval requirement ensures 'that the court may know the type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same.'" *Id.* citing, *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203, 205 (3d Cir.) (in banc), *cert denied,* 396 U.S. 823, 90 S.CT. 66, 76, 24 L.Ed.2d 74 (1969).

10. In a Chapter 11 case, it is fundamental that a debtor in possession or a trustee is obligated to act not in his or her own best interest, but rather in the best interest of the entire estate, including the creditors and owners of the debtor estate. *Commodity Futures Trading*

*Comm'n v. Weintraub,* 471 U.S. 343, 355, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985); *In re Continental Air Lines, Inc.,* 780 F.2d 1223, 1226 (5th Cir.1986); *In re Morningstar Marketplace, Ltd.* 544 B.R. 297, 303 (Bankr. M.D. Pa. 2016). Indeed, the attorney for the trustee or debtor in possession is also a fiduciary for the estate. *In re Bohack Corp.,* 607 F.2d 258, 264 (2d Cir.1979); *In re N. John Cunzolo Associates, Inc.,* 423 B.R. 735, (Bankr. W.D. Pa. 2010). In determining whether to grant or deny approval of the attorney selected by the trustee or debtor in possession pursuant to Section 327(a), the Court must consider whether the selection is in the best interest of the estate, *In re Arlan's Department Stores, Inc.,* 615 F.2d 925, 932 (2d Cir.1979); *In re eToys, Inc.,* 331 B.R. 176, 189 (Bankr. D. Del 2005); *In re Leslie Fay Cos,* 175 B.R. 25, 533 (Bankr. S.D.N.Y. 1994), and whether the appointment will aid in the administration of the proceeding. *In re Slack,* 73 B.R. 382 (Bankr.W.D.Mo.1987).

11.    In a Chapter 11 case, an attorney can provide competent representation to the estate only if the attorney is thoroughly familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. *In re Vettori,* 217 B.R. 242, 245 (Bankr.N.D.Ill.1998) (quoting *In re Doors and More, Inc.,* 126 B.R. 43, 45 (Bankr.E.D.Mich.1991)). Bankruptcy, and especially Chapter 11 bankruptcy, is a highly specialized area of law. *Id.* An attorney for a debtor in possession must have knowledge of bankruptcy law in order to achieve a successful result. *Id.* Only an attorney with knowledge of bankruptcy law can properly aid in the administration of the case. *Id. see also In re Wiley Brown & Assoc., LLC,* No. 06–50886, 2006 WL 2390290, at *8, 2006 Bankr.LEXIS 1975, at *22 (Bankr.M.D.N.C. Aug. 14, 2006) (denying approval of employment application because attorney had not "demonstrated an extensive knowledge of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court" in addition to having a conflict of interest); *In re Ricasata,* Nos. 10–44101T, 10–45356T, 2010

4

WL 2816330, at *2, Bankr.LEXIS 2389, at *5 (Bankr.N.D.Cal. July 16, 2010) (stating that "the Court has a duty to deny approval of the employment of counsel by chapter 11 debtors-in-possession on grounds of incompetence, among other things").

12. In this case, Applicant has failed to ensure the accuracy of the Schedules and Statement of Financial Affairs, has failed make the required disclosures under sections 327(a), 329, F.R.B.P. 2014 and 2016, and has filed his retention application without a supporting certification and filed without using the required form under the Local Bankruptcy Rules. Applicant is has shown an unfamiliarity with the Bankruptcy Code, Bankruptcy Rules, and Local Rules and therefore his employment should be denied.

13. While Applicant may argue that the bankruptcy court may address the adequacy of counsel's representation when counsel files a request for fees, this argument should fail. First, the Third Circuit addressed this argument in *Matter of Arkansas*, 798 F.2d at 648-649, *supra,* and rejected the idea that review of fees can substitute for prior approval of counsel's employment. The Third Circuit held that this approach renders "meaningless the structure of the Bankruptcy Code and Rules which contain provisions requiring *both* prior approval of employment *and* after the fact approval of compensation. *Id.* (emphasis in original). Hence, this Court has both the opportunity and the duty to ensure Applicant is competent before authorizing his employment. Second, if, as often happens, this case is dismissed, counsel will likely not file a fee application and the Court will be deprived of the opportunity to review counsel's fees. Unless the Court retains jurisdiction over the fee issue, the Debtor is left to negotiate the return of fees outside of bankruptcy.

### III. Applicant Failed to Comply with 11 U.S.C. § 329(a) of the Bankruptcy Code

14. Section 329(a) requires a debtor's attorney to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a). Bankruptcy Rule 2016(b) echoes this requirement, and requires such statement be filed within 14 days of the petition date. Rule 2016(b) further requires an attorney to file a supplemental statement "within 14 days after any payment or agreement not previously disclosed."

15. If Applicant is to be employed, he must comply with section 329(a) and F.R.B.P. 2016(b). Applicant failed to disclose the retainer he received, if any, any other fees they received in connection with his representation of the Debtor.

### IV. Applicant and Accountant Failed to Satisfy the Requisite Disclosure Requirements

16. Pursuant to Federal Rule of Bankruptcy Procedure 2014, an application to employ an estate professional must:

> [S]tate the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FRBP 2014(a).

17. Courts construe the disclosure requirements of FRBP 2014 "strictly." *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877,881 (9th Cir. 1995). "Full, complete, and timely disclosure by an attorney proposing to represent a debtor "goes to the heart of the integrity of the bankruptcy system." *In re etoys, Inc.* 331 B.R. 176, 187-189 (Bankr. D. Del. 2005). A court cannot effectively determine an attorneys' eligibility for employment pursuant to section 327 or root out impermissible conflicts of interest without proper disclosure on the part of an applicant. *Id.* The disclosure rules are not discretionary. *In re Moten Metal Tech, Inc.* 289 B.R. 505, 5111 (Bankr. D.Mass. 2003).

18. Applicant and Accountant have failed to disclose his compensation arrangement, any retainer received as required by Rule 2014, and have failed to certify whether they have any connections to the Debtor, creditors or any other parties in interest in violation of section 327(a).

19. Applicant and Accountant must comply with Section 327(a) and F.R.B.P. 2014 before the Court can consider the Retention Application. Applicant and Accountant must certify that they have no interest adverse to the Debtor and that they are disinterested as defined in the Bankruptcy Code. In this case, Applicant should also disclose his experience in representing chapter 11 debtors, given the issues that have arisen in the case thus far.

//

//

//

//

## **CONCLUSION**

For the reasons set forth above, the U.S. Trustee respectfully requests that the Court deny the Retention Application.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGION 3 and 9

By: */s/ Maggie McGee*
    Maggie McGee
    Trial Attorney

Dated: March 11, 2021